UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | Civ. No.: 3:15-cv-0014-GFVT-EBA |
| ) | |
| V. ) | **ORDER** |
| ) | |
| COMMONWEALTH OF KENTUCKY, ) | |
| *ex rel.* JOHN TILLEY, *et al.*, ) | |
| ) | |
| Defendants. | |

*** *** *** ***

This matter is before the Court on a Recommended Dispositions filed by United States Magistrate Judge Edward B. Atkins. Plaintiff John Doe filed a motion for Attorney's Fees and Costs against the Defendants, requesting attorney's fees in the amount of $44,880 and costs in the amount of $400. [R. 81.] Judge Atkins reviewed the motion, and recommended this Court **GRANT IN PART** Mr. Doe's motion and award him fees in the amount of $40,440 and costs in the amount of $400. Neither party has filed any objections to Judge Atkins's Recommended Disposition.

On February 9, 2015, Mr. John Doe filed the present action pursuant to 42 U.S.C. §§ 1983 and 1988. [R. 1.] Mr. Doe sought a preliminary injunction, a permanent injunction, and declaratory relief that would prohibit Defendants from enforcing KRS §§ 17.546 and 17.510(10), (13), as well as declaratory relief that KRS §§ 17.546 and 17.510(10), (13) violated Mr. Doe's rights under the First and Fourteenth Amendments to the United States Constitution. *Id*. at 1. This Court ultimately granted Mr. Doe's Motion for a Permanent Injunction and held KRS §§ 17.546 and 17.510(10), (13) to be unconstitutional. [R. 57.] Following this ruling and pursuant

to 42 U.S.C. §§ 1983 and 1988, Mr. Doe moved for an award of attorney's fees and costs. [R. 81.]

Under 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." To be a "prevailing party," the party must have "been awarded some relief by the court." *Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 620 (6th Cir. 2013); *Buckhannon Bd. and Care Home, Inc., v. W. Va. Dept. of Health and Human Res.*, 532 U.S. 598, 602 (2001). Neither party contested the Mr. Doe is the prevailing party in this matter. [R. 89 at 2–3.]

Accordingly, Judge Atkins considered the calculation of a reasonable hourly rate and reasonable hours, whether special circumstances exist to defeat a fee award, and any potential adjustments that would reflect considerations particular to this matter. *Id*. at 3–11. Ultimately, Judge Atkins approved Mr. Doe's reasonable hourly rate of $300.00, but reduced the number of hours from 149.5 hours claimed to 134.8 hours after excluding 14.7 hours of non-compensable clerical tasks. *Id*. at 11. Based on this, Judge Atkins reduced Mr. Doe's request of attorney's fees from $40,880 to $40,440. *Id*. Additionally, Judge Atkins found no circumstances to support a reduction of this amount, nor did he find any special considerations that would defeat this award. *Id*.

As part of the award for attorney's fees, a court may also award any expenses necessary and incidental to furnishing effective and competent representation. *Ohio Right to Life Soc'y, Inc., v. Ohio Elections Comm'n*, 590 F. App'x 597, 605 (6th Cir. 2014); *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 827 (6th Cir. 2013). Mr. Doe only requested reimbursement for the $400 filing fee, and Judge Atkins recommended this Court grant that request.

Judge Atkins's Report and Recommendation advised the parties that any objections to the

Recommendation must be filed within fourteen (14) days of service or waive the right to further appeal. [R. 89 at 13.] As of this date, neither party has filed any objections nor sought an extension of time to do so. Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. The Magistrate's Recommended Disposition [**R. 89**] is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Doe's Motion for Attorney's Fees and Costs **[R. 81]** is **GRANTED IN PART** and **DENIED IN PART**; and

3. The Court **HEREBY AWARDS** Plaintiff John Doe **$40,840.00** in fees and expenses.

This the 4th day of April, 2018.

Gregory F. Van Tatenhove
United States District Judge